# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-970V**

|  |  |
|---|---|
| ANTONI BALUTA, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 10, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David A. Zeitlin, Zeitlin & Zeitlin, P.C., Brooklyn, NY, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 4, 2020, Antoni Baluta filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre syndrome ("GBS") following an influenza vaccination administered to him on October 11, 2017. Petition, ECF No. 1. On March 11, 2024, I issued an order concluding proceedings based on the Joint Stipulation of Dismissal. ECF No. 106.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Although the claim was unsuccessful, I find it possessed sufficient reasonable basis to permit an award of attorney's fees and costs. And I have reviewed the submitted billing records and find a reduction in the amount of fees to be awarded is needed.

## I.      Reasonable Basis

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 569 U.S. 369, 380 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in Davis, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically require an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (*"Cottingham I"*). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

2

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.*, No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.*, No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but do not bear on the claim's objective basis. *Simmons*, 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." Cottingham I, 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.*, 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" Id. (quoting *Chuisano*, 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the prima facie elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level

3

of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Human Servs.*, 159 Fed. Cl. 328, 333, (Fed. Cl. 2022), aff'd without op., No. 2022-1737, 2023 WL 7545047 (Fed. Cir. Nov. 14, 2023) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira*, the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id*. at 1376.

Although Petitioner opted to dismiss this claim, there was sufficient evidence to satisfy the low reasonable basis standard. Here, Petitioner alleged the Table claim that he suffered GBS as a result of his October 2017 receipt of a flu vaccine. However, upon further investigation into the record, it appeared that Petitioner suffered from CIDP, which excluded him from being able to make out a Table claim. *See, e.g.*, Ex. 30 at 125-26 (September 24, 2018, Dr. Saba opined that petitioner's clinical course and testing was consistent with CIDP); Ex. 30 at 119 (October 5, 2018, an EMG/NCV study performed under the care of Dr. Saba "demonstrated evidence of a severe, acute-to-subacute, primarily demyelinating sensorimotor polyneuropathy, with secondary axonal degeneration. This [was] consistent with the diagnosis of chronic inflammatory demyelinating polyradiculoneuropathy, or CIDP."); Ex. 33 at 2 (December 6, 2018, neurologist Dr. Reddy indicated that petitioner had made a "very good recovery" from his CIDP); Pet. Ex. 42 at 102 (August 22, 2019, Dr. Saba, who managed petitioner's overall care during this hospitalization, opined: "NCV/EMGs consistent with [diagnosis] of CIDP and [there was] no alternative diagnosis."); Ex. 55 at 214-15 (August 22, 2019, a report of the NCV/EMG states: "This repeat electro-diagnostic study again demonstrated a primarily demyelinating polyneuropathy consistent with CIDP.")

Petitioner nevertheless could have proceed under a causation-in-fact theory, which necessitates the filing of an expert opinion that meets the requirements under *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Claims that vaccines can cause CIDP are common enough in the Program to have facial credibility. Thus, even though Petitioner ultimately deemed the claim not to be tenable,

4

there was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis. *See* e.g., *Goldie v. Sec'y of Health & Hum. Servs.*, No. 18-1476V, 2019 WL 7496619, at *2 (Fed. Cl. Dec. 6, 2019). Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II.      Appropriate Amount of Fees and Costs to be Awarded

Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see* also *Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). It is clearly established that secretarial and administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Hum. Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing *Rochester*, 18 Cl. Ct. at 387).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id*. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,919.57 (representing $28,275.00 in fees plus $1,216.94 in costs and $4,427.63 in Petitioner's out-of-pocket personal expenses (a figure which was adjusted downward to

$2,209.23)).[3] Motion for Attorney's Fees, Costs and Expenses ("Motion") filed September 6, 2024, ECF No. 108.

Respondent reacted to the motion on September 17, 2024, indicating that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent argued, however, that some costs were not substantiated, and that the requested attorney rates were high, given that this was counsel's first Vaccine Program case. Respondent's Response to Motion at ECF No. 110. Petitioner filed no reply thereafter.

### A.    Attorney Fees

Petitioner requests a flat-rate of $450.00 for work performed from 2019-2024 by new program attorney David Zeitlin. The hourly flat-rate requires further evaluation and adjustment. Mr. Zeitlin has been a licensed attorney since 1999 (ECF No. 108-1 at 4), placing him in the range of attorneys with 20-30 years of experience based on the OSM Attorneys' Hourly Rate Fee Schedule.[4] As such, Mr. Zeitlin is eligible for hourly rates between $378.00-$448.00 for time billed in 2019, $394.00-$467.00 for time billed in 2020, $414.00-$491.00 for time billed in 2021, $427.00-$507.00 for time billed in 2022, $450.00-$534.00 for time billed in 2023, and $475.00-$563.00 per hour for time billed in 2024.

Although the requested flat-rate requested by Petitioner falls within OSM's relevant range for most of the years, in some years it falls on the range's highest end or is higher than the range altogether – despite Mr. Zeitlin's lack of experience handling Program matters, with this appearing to be his first Vaccine Act case. Overall experience dictates the tier, but other factors, including vaccine experience, determine where in the tier an attorney's rates will fall. Prior experience representing petitioners in the Program is highly relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly

---

[3] On May 19, 2026, a scheduling order was filed requesting further documentation in support of Petitioner's out-of-pocket expenses totaling $4,427.63. ECF No. 111. On June 8, 2026, Petitioner responded to the scheduling order and adjusted the amount of out-of-pocket expenses to $2,209.23. ECF No. 112-1 at 2. Accordingly, the amount of Petitioner's out-of-pocket expenses to be awarded herein will be based on the actual amount reflected in the billing record, receipts, and documentation submitted in support thereto which is $2,209.23.

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Based on my experience applying the factors relevant to determining reasonable hourly rates for Program attorneys, I hereby award attorney David Zeitlin the hourly rates of $385.00 for work performed in 2019, $405.00 for work performed in 2020, $425.00 for work performed in 2021, $450.00 for work performed in 2022, $450.00 for work performed in 2023, and $450.00 for work performed in 2024. **Application of the foregoing reduces the amount of attorney fees to be awarded by $2,140.50.**[5]

### B.    Attorney Costs

Petitioner has otherwise provided supporting documentation for all claimed costs and out-of-pocket expenses. ECF No. 108-2 at 11-25. I find the requested costs and expenses reasonable and they are hereby awarded in full.

### Conclusion

Here, although the petition was eventually dismissed, I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1).

Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs. I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $29,560.67 as follows:**

**A lump sum of $27,351.44 (representing $26,134.50 in fees plus $1,216.94 in costs), to be paid through an ACH deposit to Petitioner's counsel of record: David A. Zeitlin's IOLTA account for prompt disbursement; and**

**A lump sum of $2,209.23, representing reimbursement for Petitioner's out-of-pocket costs, to be paid through an ACH deposit to Petitioner's counsel of record: David A. Zeitlin's IOLTA account for prompt disbursement**.

---

[5] This amount consists of reducing David Zeitlin's rates for 2019 from $450.00 to $385.00, 2020 from $450.00 to $405.00, and 2021 from $450.00 to $425.00 and is calculated as follows: ($450.00 - $385.00 = $65.00 x 6.5 hrs.) + ($450.00 - $405.00 = $45.00 x 28.9 hrs.) + ($450.00 - $425.00 = $25.00 x 16.7 hrs.) = $2,140.50.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.